# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

NANCY B. LUDMERER
212 450 4276
nancy.ludmerer@dpw.com



January 24, 2008

Re: Rubery v. Caplan, et al., 07 Civ. 8612 (RWS)
Clark v. Caplan, et al., 07 Civ. 8619 (RWS)

The Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RECEIVED JAN 2 4 2008 JUDGE SWEET CHAMBERS

Dear Judge Sweet:

We represent the individual defendants and nominal defendant E*TRADE Financial Corporation ("E*TRADE") (collectively the "Defendants") in the above-referenced actions. We write with the agreement of counsel for all parties, including plaintiffs Rubery and Clark (collectively the "Plaintiffs"), to respectfully request that the pretrial conferences currently scheduled in the above-referenced actions for Wednesday, February 13, 2008, at 4:30 p.m., be cancelled at this time.

On January 8, 2008, a stipulation submitted by the parties in both the *Rubery* and *Clark* cases was so-ordered by Judge Charles S. Haight in his capacity as the acting Part I judge. Pursuant to the terms of the so-ordered stipulation (the "January 8, 2008 Stipulation and Order") (a copy of which is attached), the *Rubery* and *Clark* cases have now been consolidated for all purposes (the "Consolidated Action"), and Robbins, Umeda & Fink, LLP and the Law Offices of Thomas G. Amon have been designated lead counsel for Plaintiffs.

With respect to scheduling, the January 8, 2008 Stipulation and Order further provides that Plaintiffs in the Consolidated Action are not required to serve a consolidated amended complaint (the "CAC") until 60 days after entry of an order determining the motion to dismiss the consolidated amended complaint in the purported class action lawsuits brought against E*TRADE and pending in this Court (the "federal securities class actions").[1] The so-ordered schedule also

---

[1] The federal securities class actions are *Freudenberg v. E*TRADE Fin. Corp., et al.*, 07 Civ. 8538 (RWS); *Boston v. E*TRADE Fin. Corp., et al.*, 07 Civ. 8808 (RWS); *Thulman v. E*TRADE Fin. Corp., et al.*, 07 Civ. 9651 (RWS); *Davidson v. E*TRADE Fin. Corp., et al.*, 07

The Honorable Robert W. Sweet　　　　2　　　　　　　January 24, 2008

provides that, after service of the CAC, Defendants shall then have 60 days to answer, move, or otherwise respond with respect thereto; Plaintiffs shall have 60 days to oppose any such motion; and Defendants shall have 45 days to serve a reply.

Accordingly, Defendants' time to answer, move, or otherwise respond to the CAC has not yet commenced, and all discovery is stayed pursuant to the Private Securities Litigation Reform Act (the "PSLRA").[2] Given the above, all counsel are in agreement that pretrial conferences in these actions are not necessary at this time.

If cancellation of the February 13th pretrial conferences is acceptable to Your Honor, we respectfully request that Your Honor "so-order" this letter and that Your Honor's chambers forward the letter to the Clerk's Office for docketing.

Thank you for your consideration.

Respectfully submitted,

*Nancy B. Ludmerer*

Nancy B. Ludmerer

Attachment

cc:　Jeffrey P. Fink
　　　Thomas G. Amon

By Facsimile

So Ordered:

*[signature]*

Hon. Robert W. Sweet

1-28-08

---

Civ. 10400 (RWS); and *Ferenc v. E*TRADE Fin. Corp., et al.*, 07 Civ. 10540 (RWS). Oral argument on lead plaintiff motions in those cases was held before Your Honor yesterday.

[2] *See Sedona Corp. v. Ladenburg Thalmann & Co.*, No. 03 Civ. 3120 (LTS) (THK), 2005 U.S. Dist. LEXIS 23905, at *5 n.1 (S.D.N.Y. Oct. 14, 2005) ("there is no dispute that the PSLRA stay of discovery applies when an initial motion to dismiss is contemplated, but has not yet been filed"); *In re Smith Barney Transfer Agent Litigation*, 05 Civ. 7583 (WHP), 2006 U.S. Dist. LEXIS 42646, at *8 (S.D.N.Y. June 26, 2006) (PSLRA "stay applies to 'all discovery' in any 'action' under the PSLRA's purview, regardless of whether non-securities claims are alleged."). As described in the January 8, 2008 Stipulation and Order, the *Rubery* and *Clark* actions both assert, *inter alia*, a claim derivatively against all defendants for violation of § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, and therefore the PLSRA stay applies to these actions.