UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――― X
CATHERINE RUBERY, Derivatively on :
Behalf of E*TRADE FINANCIAL :
CORPORATION, :
 :
               Plaintiff, :
 :
 :
 :
vs. :
 : Civil Action No. 07 Civ. 8612 (JPO)
MITCHELL H. CAPLAN, ROBERT J. :
SIMMONS, R. JARRETT LILIEN, DENNIS :
E. WEBB, MICHAEL K. PARKS, LEWIS E. : Electronically Filed
RANDALL, DONNA L. WEAVER, :
STEPHEN H. WILLARD, RONALD D. :
FISHER, C. CATHLEEN RAFFAELI, :
GEORGE A. HAYTER, and DARYL G. :
BREWSTER, :
 :
               Defendants, :
 :
  -and- :
 :
E*TRADE FINANCIAL CORPORATION, a :
Delaware corporation, :
 :
             Nominal Defendant. :
 :
―――――――――――――――――――――――― x

## [~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter came before the Court for hearing pursuant to the Order Preliminarily Approval Settlement and Providing for Notice of this Court, dated April 2, 2013 ("Preliminary Approval Order") (Dkt. No. 48), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated October 2, 2012 (the "Stipulation") (Dkt. No. 38). Due and adequate notice having been given to Current E*TRADE Shareholders as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement.

3. The Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Settlement in all respects, finds that the Settlement provides substantial benefits to E*TRADE and its shareholders, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

4. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice against each and all Released Persons. As between Plaintiffs, E*TRADE, and the Individual Defendants, the Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Upon the Effective Date, Plaintiffs, E*TRADE, and its shareholders, on behalf of themselves, their heirs, executors, administrators, insurers, predecessors, successors, and assigns, shall be deemed to have—and by operation of a final judgment in the Action shall have—fully, finally, and forever released, waived, discharged, relinquished, and dismissed any and all

Released Claims and shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all Released Claims against any Released Persons in any court or tribunal.

6. Upon the Effective Date, the Individual Defendants and each of the other Released Persons, on behalf of themselves, their heirs, executors, administrators, insurers, predecessors, successors, and assigns, shall be deemed to have—and by operation of a final judgment in the Action shall have—released, waived, discharged, and dismissed any and all Defendants' Released Claims, and shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all Defendants' Released Claims against Plaintiffs, Plaintiffs' Counsel, and E*TRADE in any court or tribunal.

7. The Court finds that the Summary Notice of Pendency and Proposed Settlement of Action published in *Investor's Business Daily*, and the Notice of Pendency and Proposed Settlement of Action posted on the websites of Robbins Umeda LLP and E*TRADE and filed with the U.S. Securities and Exchange Commission by E*TRADE in a Form 8-K, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notices fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

8. The Court finds that during the course of the Action, the Settling Parties and their counsel at all times complied with Rule 11 of the Federal Rules of Civil Procedure and all other similar rules and law.

9. The Court has considered the Fee and Expense Application and finds that Plaintiffs' Counsel are entitled to $ 967,784.22 in attorneys' fees and $ 40,337.10 in reimbursement of expenses.

10. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Individual Defendants and/or the Related Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Individual Defendants and/or the Related Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. E*TRADE, the Individual Defendants, and/or the Related Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and the Settlement, including, if necessary, setting aside and vacating this Judgment, on motion of a

party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

12. No action in regard to Plaintiffs' Fee and Expense Application—including any order of this Court or any potential appellate review of such order—shall affect the finality of any other portion of this Judgment or delay the Effective Date of the Stipulation. The Fee and Expense Application shall be considered separate for the purposes of appellate review of this Judgment.

13. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

14. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: October 2, 2013

HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

893193